In the United States District Court
For the Middle District of Pennsylvania
Williamsport Division

| | |
|---|---|
| LaMarr Pirkle, Theodore Dannerth, Lauren Danks, and Casey Flynn,<br>　　　　　　　*Plaintiffs,*<br>　　v.<br>GOVERNOR THOMAS W. WOLF, in his official capacity, KATHRYN BOOCKVAR, Secretary of the Commonwealth of Pennsylvania, in her official capacity,<br>　　　　　　　*Defendants* | Case No.: 4:20-cv-02088-MWB |

MOTION TO CONSOLIDATE AND TO EXPEDITE THE CASE AND DISCOVERY

　　　　Plaintiffs, Lamarr Pirkle, Thoedore Dannerth, Lauren Danks, and Casey Flynn (collectively "Voters") file this is a motion to consolidate this matter under Fed.R.Civ.P 42(a) with the companion matter *Donald J. Trump for President, Inc., et. al. v. Boockvar, et. al.*, No. 4:20-cv-02078-MWB and to expedite a decision in this case and discovery.

　　　　In a good faith effort to expedite this case, Voters have emailed all pleadings to Defendants and their counsel when known, in addition to complying with the applicable requirements regarding service and summons under the Federal Rules of Civil Procedure. All parties were notified of the case immediately after filing.

1

**Motion to Consolidate and Expedite**

I. **The Court should consolidate this case with *Donald J. Trump for President, Inc.***

Under Fed.R.Civ.P. 42(a), the Court may consolidate matters "[i]f actions before the court involve common questions of law or fact." This Court has broad discretion in deciding whether to consolidate cases. *Russell v. United States*, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) Consolidation is appropriate to promote judicial economy. *Gray v. Ratanchandani*, 3:16-CV-00701, 2016 WL 6433040, at *1 (M.D. Pa. Oct. 31, 2016)("Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42(a) of the Federal Rules of Civil Procedure as a matter of convenience and economy in judicial administration.")

This action and the *Donald J. Trump* case involve common questions of law and fact. Both cases arise out of the 2020 Presidential Election and the irregularities in the processing and tabulation of ballots. Both matters allege violations of the United States Constitution. Both matters request relief regarding the 2020 Presidential general election. And both matters share common chief defendants, Governor Wolf and Secretary Boockvar. Moreover, judicial economy would be served by consolidating the two matter.

Voters' consent to the Court's November 10, 2020, scheduling order in the *Donald J. Trump* case. ECF No. 34.

### II. The Court should expedite discovery.

The Court should also expedite discovery because Voters will be irreparably harmed unless discovery is expedited. In the *Verified Complaint* (ECF No. 1), Voters

2

**Motion to Consolidate and Expedite**

allege that their Constitutional right to vote has been infringed by vote dilution because of the illegal ballots that were cast and counted in the identified counties which cast doubt on the result of the election for Presidential Electors in these counties, and overall in the state, and renders the results of the election unascertainable. Voters have no remedy at law if the presidential-election results from the identified counties are included in the certified and reported totals for election of Presidential Electors from this state. With the Presidential Electors scheduled to be certified by December 8 and to meet and vote on December 14, 2020, there is insufficient time for a new election in the counties involved so the appropriate remedy is to disallow the election results in the identified counties. Moreover, the Electoral College is governed by unique Constitutional and statutory provisions providing special procedures for moving the Electoral College vote along expeditiously since the presidency is at issue. As the Court recognizes from its scheduling order in the *Donald J. Trump* case, this case must be resolved expeditiously. As a result, Voters consent to this case should be resolved in accordance with the scheduling order in the *Donald J. Trump* case, with the addition of expedited discovery, as provided next.

### A. Voter Plaintiffs will be irreparable harmed by a normal discovery schedule.

Voters also will be irreparably harmed if discovery is not expedited and have shown good cause in their *Verified Complaint* for such request. Voter's discovery is needed to perform the complete data analysis that will demonstrate, upon

3

**Motion to Consolidate and Expedite**

information ang belief, that sufficient illegal ballots were included in the election results in identified counties to change or place in doubt the November 3 presidential-election results. Discovery under the usual timetable will result in delay of Voters ability to gather time-sensitive, and currently not publicly available, data. In fact, under the usual timetable discovery would not be complete until **after** the date to certify the election results, December 8, 2020. Expedited discovery is thus necessary for this suit to proceed under the Voter's proposed schedule. For these reasons, Voters request this Court waive certain discovery rules in order to expedite discovery.

### B. Voters need discovery to complete their date analysis.

Voters have presented evidence in their Verified Complaint that, upon information and belief, sufficient illegal ballots were included in the election results in identified counties to alter or to place in doubt the November 3 presidential-election results. In addition to the evidence alleged in the *Verified Complaint*, Voters will provide additional evidence that sufficient illegal ballots were included in the results to change or place in doubt the November 3 presidential-election results. This evidence will be in the form of expert reports based on data analysis comparing state mail-in/absentee, provisional, and poll-book records for this election, which are currently not publicly available, with state voter-registration databases, United States Postal Service ("USPS") records, Social Security records, criminal-justice records, department-of-motor-vehicle records, and other governmental and commercial sources by using sophisticated and

4

**Motion to Consolidate and Expedite**

groundbreaking programs to determine the extent of illegal voters and illegal votes, including double votes, votes by ineligible voters, votes by phantom (fictitious) voters, felon votes (where illegal), non-citizen votes, illegal ballot harvesting, and pattern recognition to identify broader underlying subversion of the election results. Discovery is needed to obtain this evidence which is in the exclusive possession of defendants and third-parties. Voters have persons with such expertise and data-analysis software already in place who have begun preliminary analysis of available data to which final data, not currently publicly available such as the official poll list, will be added and reports generated. However, much of the information necessary for the expert report is not publicly available and is in the hands of Defendants or other government agencies. Voters intend to use expedited discovery to obtain the necessary information which is not publicly available.

As a result, Voters request that discovery be expedited and rules preventing expedited discovery be waived.

## CONCLUSION

Accordingly, Voters request that this Court order this matter consolidated with the *Donald J. Trump*, that this case be litigated in accord with the schedule in the *Donald J. Trump*, that all discovery be expedited, and that the Rules that would prevent expedited discovery be waived, as follows:

(1) The Court orders that this case be consolidated with *Donald J. Trump for President, Inc., et. al. v. Boockvar, et. al.*, No. 4:20-cv-02078-MWB;

5

(2) The schedule in this matter shall be governed by the scheduling order in *Donald J. Trump for President*;

(3) The Court waives the provisions of Federal Rule of Civil Procedure 26(a)(1) requiring initial disclosure and orders that initial disclosure need not be made in order to expedite discovery;

(4) The Court waives the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and orders that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1);

(5) The Court waives the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permits third party subpoenas to be served immediately without prior notice;

(6) The Court orders that discovery be allowed to proceed irrespective of any LR 16.1 Pretrial Conference, and that any requirement of such Pretrial Conference to plan discovery before discovery may proceed is waived; and

(7) The Court orders that all discovery requests and responses thereto, and all third-party subpoenas and responses thereto, shall be expedited and completed no later than November 15, 2020.

Date: November 9, 2020	Respectfully Submitted,

/s/ *Walter S. Zimolong, Esq.*
Walter S. Zimolong III, Esq.
ZIMOLONG, LLC
wally@zimolonglaw.com
P.O. Box 552
Villanova, PA 19085-0552
Tele: (215) 665-0842

*Local Counsel for Plaintiffs*

James Bopp, Jr. (IN #2838-84)*
   jboppjr@aol.com
True the Vote, Inc.
   Validate the Vote Project
THE BOPP LAW FIRM, PC
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: 812/232-2434

Anita Y. Milanovich (MT #12176)*
   Of Counsel
   aymilanovich@milanovichlaw.com
MILANOVICH LAW, PLLC
100 E. Broadway Street
The Berkeley Room
Butte, MT 59701
Telephone: 406/589-6856

*Lead Counsel for Plaintiffs*
* Pro Hac Vice forthcoming

7
**Motion to Consolidate and Expedite**

## Certificate of Service

I hereby certify that on November 10, 2020, I caused the foregoing Motion to be filed with the United States District Court for the Middle District of Pennsylvania, Williamsburg Division, via the Court's CM/ECF system.

I also hereby certify that I caused the foregoing Motion to be served via email upon:

Kathry Boockvar, ra-stlegaloffice@pa.gov

<u>/s/ Walter S. Zimolong III, Esq.</u><br>
Walter S. Zimolong III, Esq.<br>
Local Counsel for Plaintiffs

**Motion to Consolidate and Expedite**