IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LaMARR PIRKLE; THEODORE DANNERTH; LAUREN DANKS; and CASEY FLYNN, | : : : : : |
| Plaintiffs, | : : |
| v. | : NO. 4:20-CV-2088 : |
| GOVERNOR THOMAS W. WOLF, in his official capacity; and KATHRYN BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, | : JUDGE BRANN : : : : : |
| Defendants. | : ELECTRONICALLY FILED |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE AND TO EXPEDITE THE CASE AND DISCOVERY[1]**

The Plaintiffs in this action—three voters from Centre County and one voter from Montour County—seek to invalidate the presidential election results based on unsubstantiated stacked hearsay allegations regarding four counties outside this judicial district and a hope that their unidentified expert will analyze data they do

---

[1] In light of the letter submission from Plaintiffs' counsel (ECF No. 6), Defendants Governor Tom Wolf and Secretary of the Commonwealth Kathy Boockvar submit this response on an expedited basis. This response is without waiver of challenges to service, venue and jurisdiction and the substantial challenges to the Complaint which will be filed in accordance with the procedural rules and any scheduling order issued by the Court. All challenges are expressly reserved.

not have to "identify persons who cast votes illegally . . ." Compl. (ECF No. 1) ¶¶ 18-27. Immediately after filing their Complaint, Plaintiffs moved to consolidate this action with the action captioned *Donald J. Trump for President, Inc., et al. v. Boockvar, et al.* which is docketed at No. 4:20-CV-2078. The fatal problem with the Complaint is that Plaintiffs allege no concrete or cognizable harm. As a result, this Court lacks subject matter jurisdiction over Plaintiffs' claims and is without authority to consider Plaintiffs' motion for consolidation. The motion is properly denied.

Article III of the U.S. Constitution limits federal jurisdiction to certain "Cases" or "Controversies." U.S. Const., Art. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 408 (2013) (citations and internal quotation marks omitted). "Article III standing is a prerequisite for the federal courts to decide the merits of a suit." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 246 (3d Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998)). To satisfy Article III standing, an injury must be (1) concrete, particularized and actual or imminent, (2) fairly traceable to the challenged action, and (3) redressable by a favorable ruling. *Clapper*, 568 U.S. at 409. Because standing is a fundamental jurisdictional question, challenges to standing must be addressed before reaching

the merits. *Arizona Christian School Tuition Org. v. Winn*, 563 U.S. 125, 129 (2011) ("To obtain a determination on the merits in federal court, parties seeking relief must show that they have standing under Article III of the Constitution."); *AT&T Commcs. of New Jersey, Inc. v. Verizon New Jersey, Inc.*, 270 F.3d 162, 168 (3d Cir. 2001) ("Because standing is a fundamental jurisdictional question, challenges to standing must be addressed before reaching the merits . . . .").

It is well settled that litigants do not have standing to assert generalized claims against government officials for allegedly failing to follow the law. *See, e.g.*, *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 482-83 (2009) ("This Court repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law.") (citation and internal quotation marks omitted); *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (per curiam) ("The only injury plaintiffs allege is that the law . . . has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past"); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly

and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); *Goode v. City of Philadelphia,* 539 F.3d 311, 322 (3d Cir. 2008) (failure to allege injury "beyond the generalized injury that all persons in [city] suffered" compels dismissal for lack of standing); *Pa. Prison Soc. v. Cortes,* 508 F.3d 156, 164 (3d Cir. 2007) (affirming dismissal for lack of standing where "[t]here is no evidence that these individuals have an interest in anything more than mere generalized grievances of concerned citizens"); *Pennsylvania Voters Alliance v. Centre Cnty.,* --- F.3d ---, No. 4:20-CV-1761, 2020 WL 6158309, at *5 (M.D. Pa. Oct. 21, 2020) (allegation of vote dilution resulting from increased voter turnout is generalized grievance that does not confer standing), *appeal docketed,* No. 20-3175 (3d Cir. 2020).[2]

There is no question that Plaintiffs lack standing to bring this action challenging Pennsylvania's election procedures and results. The only allegations in the Complaint specific to Plaintiffs are their occupations and counties of residence and that they were qualified to vote, and voted, in the presidential election. Compl. ¶¶ 6-10. Plaintiffs do not allege that their votes were rejected or that they were denied any voting option. Nor do they allege any concrete harm resulting from any action by either of the named Defendants, Governor Tom Wolf

---

[2] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

4

and Secretary of the Commonwealth Kathy Boockvar. Their Complaint merely regurgitates hearsay allegations in *Donald J. Trump for President, Inc., et al. v. Boockvar, et al.* and insinuates that the election laws were inconsistently followed in counties outside this judicial district. Compl. ¶¶ 1, 26, 30, 42. Plaintiffs' non-concrete allegations of vote dilution are "precisely the kind of undifferentiated, generalized grievance about the conduct of government that the Supreme Court has refused to countenance in the past." *Pa. Voters Alliance*, 2020 WL 6158309, at *5. As a result, Plaintiffs plainly lack standing to pursue this action.[3]

Because Plaintiffs lack standing, this Court has no jurisdiction over the pending motion for consolidation and must deny the motion. Consolidation cannot cure a jurisdictional defect. *Brown v. Francis*, 75 F.3d 860, 866 (3d Cir. 1996). To the contrary, because this Court lacks subject matter jurisdiction, it lacks jurisdiction to entertain or grant the motion to consolidate. *See Nieves v. Connolly*, No. 16-1594, 2016 WL 4408819, at *9 (D.N.J. Aug. 17, 2016) ("[T]he Court has

---

[3] The cases cited by Plaintiffs in Paragraph 34 of the Complaint do not support, let alone require, a different result. Those cases involve allegations of specific, individualized harm not present here, *see FEC Atkins*, 524 U.S. 11 (1998) (inability to obtain information required to be disclosed); *U.S. v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689 (1973) (adverse effects of increased freight rates); *Donald J. Trump for President v. Bullock*, --- F. Supp. 3d ---, No. CV-20-66-H-DLC, 2020 WL 5810556, at *7 n.4 (D. Mont. Sept. 30, 2020) (allegation of "direct disenfranchisement" due to late delivery of mailed ballots or ballots lost in the mail), or generalized grievances about the conduct of government that do not confer standing, *see Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018); *Lujan*, 504 U.S. at 573.

no jurisdiction over Plaintiff's motion for consolidation and must deny the motion."); *Stucchio v. Allstate Prop. & Cas. Ins. Co.*, No. 11-7068, 12-20, 2012 WL 1138576, at *4 (E.D. Pa. Apr. 4, 2012) ("Because this court has no jurisdiction over [the second action], the . . . motion to consolidate will be denied."). Moreover, the purpose for consolidating common questions under Rule 42(a)—convenience and economy in judicial administration, *see In re Community Bank of N. Virginia*, 418 F.3d 277, 298 n.12 (3d Cir. 2005)—would be thwarted if parties without standing were permitted to tag along and pursue copycat claims.

Plaintiffs' request for expedited discovery must likewise be denied for lack of jurisdiction. Even if the Court had jurisdiction, however, Plaintiffs have not alleged a plausible claim for relief and therefore have not unlocked the doors of discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In the event this Court determines that Plaintiffs possess the necessary standing to pursue their generalized and speculative allegations, Defendants should be afforded the opportunity to immediately test Plaintiffs' cut-and-pasted claims through a motion to dismiss under Rule 12(b) before any discovery is initiated. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (deficient pleading should "be exposed at the point of minimum expenditure of time and money by the parties and the court.") (citation and internal quotation marks omitted).

For these reasons, Plaintiffs' motion for consolidation and for expedited discovery should be denied.

Dated: November 11, 2020         Respectfully submitted:

MYERS BRIER & KELLY LLP          PENNSYLVANIA OFFICE OF
                                 ATTORNEY GENERAL

By:   /s/ Daniel T. Brier        By:   /s/ Keli M. Neary
      Daniel T. Brier                  Keli M. Neary
      Donna A. Walsh                   Karen M. Romano
      John B. Dempsey                  15th Floor, Strawberry Square
      425 Spruce Street, Suite 200     Harrisburg, AP 17120
      Scranton, PA 18503               (717) 787-2717
      (570) 342-6100

Attorneys for Defendants, Governor Thomas W. Wolf and
Secretary of the Commonwealth Kathy Boockvar

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Opposition To Motion To Consolidate and To Expedite the Case and Discovery was served upon the following counsel of record via the Court's ECF system on this 11th day of November 2020:

>Walter S. Zimolong, III, Esquire
>Zimolong, LLC
>P.O. Box 552
>Villanova, PA  19085-0552

>/s/ Daniel T. Brier
>Daniel T. Brier