IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LaMARR PIRKLE; THEODORE DANNERTH; LAUREN DANKS; and CASEY FLYNN, | : : : : |
| Plaintiffs, | : : |
| v. | : NO. 4:20-CV-2088 |
| | : |
| GOVERNOR THOMAS W. WOLF, in his official capacity; and KATHRYN BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, | : JUDGE BRANN : : ELECTRONICALLY FILED : : |
| Defendants. | : : |

### DEFENDANT KATHY BOOCKVAR'S
### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Governor Tom Wolf and Secretary of the Commonwealth Kathy Boockvar provide notice of the precedential decision of the U.S. Court of Appeals for the Third Circuit in *Bognet v. Secretary of the Commonwealth of Pennsylvania*, No. 20-3214 (3d Cir. Nov. 13, 2020), a copy of which is attached as Exhibit "A." The *Bognet* decision is controlling with respect to Defendants' assertion that Plaintiffs lack standing to bring this action.[1]

---

[1] On November 11, 2020, Defendants filed their Memorandum of Law in Opposition to Plaintiffs' Motion To Consolidate and To Expedite the Case and Discovery. (ECF No. 8.) In light of the procedural posture of the matter and Plaintiffs' letter submission (ECF No. 6), Defendants submitted their response on

The Third Circuit in *Bognet* held that voters lack standing to bring vote dilution claims under the Equal Protection Clause.  Chief Judge D. Brooks Smith, writing for the panel, reaffirmed that "[f]ederal courts are not venues for plaintiffs to assert a bare right to have the Government act in accordance with law."  Slip Op. at 20 (citations and internal quotation marks omitted).

Specifically, the Court held that individual voters lack standing to pursue claims against Secretary Boockvar and county election boards under the Equal Protection Clause alleging vote dilution because such harm is neither concrete nor particularized.  *Id.* at 29.  The Court held that the plaintiffs' "conceptualization of vote dilution—state actors counting ballots in violation of state election law—is not a concrete harm under the Equal Protection Clause of the Fourteenth Amendment."  *Id.* at 33.  Furthermore, the alleged counting of improper votes is a mere generalized grievance which is insufficient to confer standing.  *Id.* at 36.  The Court explained that "a vote . . . counted illegally has a mathematical impact on the

---

an expedited basis, without waiver of other challenges and urging the Court to dismiss Plaintiffs' Complaint forthwith due to lack of standing.  Absent standing, this Court lacks subject matter jurisdiction and should proceed no further.  *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 246 (3d Cir. 2012).  Today, Plaintiffs filed an "Amended Motion To Consolidate and Expedite Discovery" which, contrary to its title, actually seeks to withdraw the Motion To Consolidate and offers an "amend[ed] proposed case management schedule."  (ECF No. 17.)  For the reasons in Defendants' memorandum in opposition, and given the precedential decision in *Bognet*, Plaintiffs' Amended Motion to Consolidate should be denied and this action should be dismissed with prejudice.

final tally and thus on the proportional effect of every vote, but no single voter is specifically disadvantaged." *Id.* at 37 (citation and internal quotation marks omitted).  Such votes do not constitute "an injury in fact for purposes of an Equal Protection Clause claim." *Id.* at 43.  The Court added:  "Allowing standing for such an injury strikes us as indistinguishable from the proposition that a plaintiff has Article III standing to assert a general interest in seeing the proper application of the Constitution and laws—a proposition that the Supreme Court has firmly rejected." *Id.* at 44 (citation and internal quotation marks omitted).

*Bognet* eliminates any lingering doubt regarding the viability of Plaintiffs' claims[2] and requires that their Complaint be dismissed with prejudice forthwith due to lack of standing and the absence of federal jurisdiction.

---

[2] Here, as in *Bognet*, Plaintiffs' Complaint is premised on the theory that their votes will be diluted due to alleged illegally cast votes.  (*See, e.g.*, Compl. (ECF No. 1) at ¶ 29.)  Plaintiffs' effort to distinguish *Bognet* (ECF No. 18) has no merit.  Rather, *Bognet* squarely applies to Plaintiffs' vote dilution theory which is premised on a "generalized grievance" challenging application of the law.  *Bognet* is dispositive and requires dismissal.

| | |
|---|---|
| Dated: November 13, 2020 | Respectfully submitted: |
| MYERS BRIER & KELLY LLP | PENNSYLVANIA OFFICE OF ATTORNEY GENERAL |
| By: /s/ Daniel T. Brier<br>   Daniel T. Brier<br>   Donna A. Walsh<br>   John B. Dempsey<br>   425 Spruce Street, Suite 200<br>   Scranton, PA 18503<br>   (570) 342-6100 | By: /s/ Keli M. Neary<br>   Keli M. Neary<br>   Karen M. Romano<br>   15th Floor, Strawberry Square<br>   Harrisburg, AP 17120<br>   (717) 787-2717 |

Attorneys for Defendants, Governor Thomas W. Wolf and
Secretary of the Commonwealth Kathy Boockvar

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 13, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties who have appeared in this action via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                          /s/ Daniel T. Brier
                                                          Daniel T. Brier